IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DENNIS WHEELER | § | |
| VS. | § | CIVIL ACTION NO.   1:03-CV-1350 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM OPINION</u>

Petitioner Dennis Wheeler, a prisoner confined at the Ramsey Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

<u>Factual Background Procedural History</u>

Petitioner is in custody pursuant to a judgment entered in the 356th Judicial District Court of Hardin County, Texas.  Petitioner was charged with the felony offense of aggravated sexual assault of a child.  A jury found petitioner guilty of the offense.  On October 30, 1996, the judge sentenced petitioner to life imprisonment.

On March 10, 1999, the Ninth Court of Appeals reversed the conviction and remanded the case to the trial court after finding that the trial court erroneously admitted evidence of an extraneous offense through the cross-examination of a Child Protective Services worker.  The State filed a petition for discretionary review, which the Texas Court of Criminal Appeals granted.  On January 30, 2002, the Court of Criminal Appeals reversed the appellate court decision and remanded the case for consideration of the remainder of petitioner's claims.  The Ninth Court of Appeals subsequently affirmed the conviction.

Petitioner filed a state application for writ of habeas corpus.  The Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court on October 1, 2003.

## The Petition

Petitioner contends that the evidence was insufficient to support the conviction.  Petitioner contends the trial court erred by allowing evidence of an extraneous offense and by allowing an outcry witness to testify about an extraneous act.  Petitioner contends counsel was ineffective for opening the door to testimony regarding the extraneous offense.  Finally, petitioner contends the State improperly suppressed evidence that would have impeached one of its witnesses.

## Standard of Review

Title 28 U.S.C. § 2254 authorizes the District Court to entertain a petition for writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment if the prisoner is in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a). The Court may not grant relief on any claim that was adjudicated in state court proceedings unless the adjudication:  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court.  28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court reaches a conclusion opposite to a decision reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).  An application of clearly established federal law is

unreasonable if the state court identifies the correct governing legal principle, but unreasonably applies that principle to the facts. *Id*.

The standards of review set forth in Section 2254(d) apply when the state court adjudicated petitioner's claims on the merits. 28 U.S.C. § 2254(d). A claim is adjudicated on the merits if the state court resolves the case on substantive grounds, rather than procedural grounds. *Valdez v. Cockrell*, 274 F.3d 941, 946-47 (5th Cir. 2001), *cert. denied*, 537 U.S. 883 (2002). In this case, the claims were resolved on substantive grounds when the Texas Court of Criminal Appeals denied the state application without written order, rather than dismissing the petition on procedural grounds.

Determinations of factual issues made by the state courts are presumed correct unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). "The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez*, 274 F.3d at 948 n.11. Deference to the factual findings of a state court is not dependent upon the quality of the state court's evidentiary hearing. *See Valdez*, 274 F.3d at 951 (holding that "a full and fair hearing is not a precondition to according § 2254(e)(1)'s presumption of correctness to state habeas court findings of fact nor to applying § 2254(d)'s standards of review.").[1]

---

[1]      In *Valdez*, the federal district court determined that the state court denied Valdez a full and fair hearing during the habeas proceedings because the state court lost exhibits admitted into evidence during the hearing and, as a result, did not consider those exhibits in resolving the case. *Valdez*, 274 F.3d at 944. The district court was also concerned that the judge presiding over the state habeas proceedings admitted that he had never read the trial transcript and did not intend to read it because he did not "have the time." *Id*. at 944-45.

Analysis

*Insufficient Evidence*

Petitioner contends the evidence was insufficient to support his conviction.  Respondent argues that petitioner is procedurally barred from pursuing this claim in federal court.  Federal habeas review of a claim is procedurally barred if the last state court to consider the claim expressly and unambiguously denied relief based on a state procedural default.  *Meanes v. Johnson*, 138 F.3d 1007, 1010 (5th Cir. 1998).

The trial court did not make any independent findings on the insufficient evidence claim.  The trial court simply transmitted the record to the Texas Court of Criminal Appeals after finding there were no factual issues requiring an evidentiary hearing.  The Texas Court of Criminal Appeals subsequently denied the application without written order.  There is not a clear and express statement in the record demonstrating that the trial court and the Texas Court of Criminal Appeals relied on a state procedural default in denying relief.  In this instance, the procedural bar does not apply and the Court will consider the merits of petitioner's claims.  *Bledsue v. Johnson*, 188 F.3d 250, 256 (5th Cir. 1999) (holding that a procedural default does not deprive federal courts of jurisdiction unless the state court expressly relies on a procedural bar as the basis for disposing of the case).

Claims regarding sufficiency of the evidence are reviewed under the standard set forth by the Supreme Court in *Jackson v. Virginia*, 443 U.S. 307 (1979).  The inquiry to be used with such claims is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Id.* at 320.

Texas Penal Code § 22.021 provides, in part, that a person commits the offense of aggravated sexual assault if the person intentionally or knowingly causes the penetration of the sexual organ of a child  under the age of fourteen.  In this case, the evidence showed that the victim, S.E., was nine years old in April of 1995.  (Statement of Facts at 285-86, 337.)  In April of 1995, S.E. spent the night with a friend from school who was petitioner's daughter.  (SF at 287.)  That evening, S.E. watched a movie in petitioner's bedroom with her friend, the petitioner, and petitioner's son.  (SF at 342-43.)  During the movie, while S.E. was sitting on petitioner's lap, petitioner put his hand inside S.E.'s panties and touched her female sexual organ.  (SF at 343-45.)  The victim's mother, Terri Dunham testified that S.E. was normally a talkative child, but seemed quiet when she returned home the next day.  (SF at 287-88.)  In addition, S.E. began to have severe migraine headaches more frequently.  (SF at 288-89.)

A couple of weeks later, on April 22, 1995, while the victim's and petitioner's families were at a basketball banquet, petitioner's daughter asked if S.E. could spend the night.  (SF at 289-90, 296-97.)  Later that evening, petitioner came into his daughter's room and sat down on the bed to watch her do a dance.  (SF at 349.)  S.E. testified that she sat on petitioner's lap and, while his daughter's back was turned, petitioner reached his hand into her shorts and penetrated her female sexual organ with his finger.  (SF at 351-52.)  After this incident, at 11:30 p.m., S.E called her mother and asked if she could come home.  (SF at 353-54.)  Ms. Dunham told S.E. that she would not pick her up because S.E. said that nothing was wrong.  (SF at 290-91.)

Petitioner argues that the evidence favorable to the defense outweighed the prosecution's evidence.  However, the weight to be given to the evidence was a question for the jury.  The evidence

was sufficient to establish each element of the offense beyond a reasonable doubt.   Therefore, petitioner is not entitled to relief.

*Erroneous Admission of Evidence*

Petitioner contends the trial court erroneously allowed the prosecutor to introduce evidence of an extraneous offense.   During the prosecution's rebuttal, petitioner's niece testified that the petitioner had put his hand in her bathing suit bottoms.   The witness' mother testified that her daughter had reported the incident approximately one year after the assault.   Petitioner also contends that the trial court erroneously allowed the outcry witness to testify to an extraneous act that was not included in the State's outcry notice.   These claims were raised, and rejected, on direct appeal. Therefore, petitioner is not entitled to federal habeas relief unless the state court's adjudication was contrary to, or an unreasonable application of, clearly established federal law.

A state court's evidentiary rulings present grounds for review which are cognizable in a federal habeas petition only if they run afoul of a specific constitutional right or render the petitioner's trial fundamentally unfair.   *See Pemberton v. Collins*, 991 F.2d 1218, 1226 (5th Cir.) (citing *Johnson v. Blackburn*, 778 F.2d 1044, 1050 (5th Cir. 1985) ), *cert. denied*, 510 U.S. 1025 (1993).   An error in the application of state law regarding admission of evidence does not of its own force provide grounds for habeas relief.   *Engle v. Issac*, 456 U.S. 107, 119 (1982).   State evidentiary law has no effect on a federal court's review of a trial unless it is asserted that application of such law itself violated the Constitution.   *Pemberton*, 991 F.2d at 1223.

Petitioner's allegations that the state trial court erred in admitting evidence of extraneous offenses and conduct do not provide a proper basis for habeas relief.   In addition, the admission of such evidence did not violate the Constitution or otherwise render the trial fundamentally unfair.

6

The trial court's ruling was not contrary to, or an unreasonable application of, clearly established federal law.  As a result, these grounds for review are without merit.

*Ineffective Assistance of Counsel*

Petitioner contends he was denied the effective assistance of counsel when trial counsel opened the door to evidence of an extraneous offense by calling Wanda Brumley, a Child Protective Services worker, to testify on petitioner's behalf.  The state court adjudicated this claim on the merits during the state habeas proceedings.  Therefore, petitioner is not entitled to relief unless he demonstrates that the state court ruling was contrary to, or an unreasonable application of, clearly established federal law.

On direct examination, Ms. Brumley testified that she was assigned to investigate and assess the risk to petitioner's own children as a standard procedure in light of S.E.'s allegations.  Ms. Brumley testified that she did not find any risk of abuse or neglect in the home.  That was the extent of Ms. Brumley's testimony on direct examination.  However, on cross-examination, the State questioned Ms. Brumley about assertions made by petitioner during the investigation that he was innocent of the offense and that he would never harm his own children or other children.  Out of the jury's presence, the State questioned Ms. Brumley regarding information she received in the course of her investigation that petitioner's niece alleged that he had molested her.  Over defense counsel's objection, the trial court allowed testimony concerning the prior allegation of sexual assault.

On direct appeal, the Ninth Circuit Court of Appeals agreed that the trial court erroneously admitted evidence of the extraneous offense.  However, the Texas Court of Criminal Appeals, with three judges dissenting, affirmed the trial court's ruling and remanded the case for the court of appeals to address petitioner's remaining claims.

In order to establish an ineffective assistance of counsel claim, petitioner must prove counsel's performance was deficient and the deficient performance prejudiced petitioner's defense. *Strickland v. Washington*, 466 U.S. 668 (1984).   Because petitioner must prove both deficient performance and prejudice, failure to prove either will be fatal to his claim. *Johnson v. Scott*, 68 F.3d 106, 109 (5th Cir. 1995).

Judicial review of counsel's performance is highly deferential. *Strickland*, 466 U.S. at 689. As a result, there is a strong presumption that counsel rendered reasonable, professional assistance and that the challenged conduct was the result of a reasoned strategy. *Id.*; *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992).   To overcome the presumption that counsel provided reasonably effective assistance, petitioner must prove his attorney's performance was objectively unreasonable in light of the facts of petitioner's case, viewed as of the time of the attorney's conduct. *Strickland*, 466 U.S. at 689-90.   A reasonable professional judgment to pursue a certain strategy should not be second guessed. *Jones v. Barnes*, 463 U.S. 745, 751-54 (1983).

In addition to demonstrating counsel's performance was deficient, petitioner must also show prejudice resulting from counsel's inadequate performance. *Strickland*, 466 U.S. at 691-92. Petitioner must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.   A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.   Mere allegations of prejudice are insufficient; petitioner must affirmatively prove, by a preponderance of the evidence, that he was prejudiced as a result of counsel's deficient performance. *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994), *cert. denied*, 514 U.S. 1071 (1995).

Petitioner has not demonstrated that counsel's decision to call Ms. Brumley to testify was objectively unreasonable.  Petitioner says that, in light of *Creekmore v. State*, 860 S.W.2d 880, 883 (Tex.App.--San Antonio 1993, pet. ref'd), his attorney should have known that the extraneous offense would be admissible if Ms. Brumley testified.  In *Creekmore*, an intermediate appellate court held that, when a defense expert testified that the defendant did not fit the profile as an abuser, the State was entitled to cross-examine the witness about what the defendant had told her, and to introduce evidence of extraneous offenses.  *Creekmore*, 860 S.W.2d at 883.  This case did not fit the facts of *Creekmore* because Ms. Brumley only testified on direct examination as to her ultimate conclusion that the petitioner's children were not in harm.  She did not testify directly as to petitioner's character.  Obviously this issue was not settled prior to petitioner's criminal case because the trial court's ruling was reversed on appeal and three justices on the Texas Court of Criminal Appeals believed the extraneous offense was inadmissible.  Therefore, it was reasonable for counsel to pursue this defensive strategy.

Petitioner has not demonstrated that the state court's adjudication was contrary to, or an unreasonable application of, clearly established federal law.  Therefore, he is not entitled to relief on this ground.

*Brady Violation*

Petitioner contends that the prosecution withheld impeachment evidence, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).  During the punishment phase of the trial, a witness for the prosecution, Ms. Margaret Sue Echols, testified that she was a clinical psychotherapist with a private practice in Beaumont and had been in the mental health field for fifteen years.  Petitioner contends

this testimony was false because Ms. Echols was a "temporary license professional counselor-intern."

Due process is violated when the prosecution withholds evidence that is both favorable to the accused and material to either guilt or punishment. *Brady*, 373 U.S. at 87 (1963); *Johnson v. Dretke*, 394 F.3d 332, 336 (5th Cir. 2004). In order to prevail on a *Brady* claim, the defendant must prove that the prosecution suppressed or withheld evidence which is favorable material to the defense. *United States v. Stephens,* 964 F.2d 424, 435 (5th Cir. 1992). Evidence is material if there is "a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceedings would have been different." *Bagley,* 473 U.S. at 682.

Regardless of whether the status of Ms. Echols' professional license was material, petitioner is not entitled to relief. Although petitioner has produced documents on habeas review concerning Ms. Echols' licensing status, he has not demonstrated that the prosecution had any of those documents or was aware of her status with the Board of Examiners of Professional Counselors. Petitioner has not shown that the prosecution suppressed impeachment evidence concerning the status of Ms. Echols' professional license. Therefore, this ground for review lacks merit.

<u>Conclusion</u>

For the reasons set forth above, this petition for writ of habeas corpus will be denied. A final judgment will be entered in accordance with this memorandum opinion.

**SIGNED** this the 27 day of **March, 2007.**

_____
Thad Heartfield
United States District Judge

10